JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Vincent F. Gonzalez ("Gonzalez") appeals his conviction in the Cleveland Municipal Court for assault, a misdemeanor of the first degree. For the reasons stated below, we affirm.
 {¶ 2} In January 2004, charges were filed against Gonzalez for assault and criminal trespass in violation of Cleveland Municipal Ordinance Sections 621.03 and 623.04, respectively. The alleged victim, Vanessa Rodriguez ("Vanessa"), claimed that on January 27, 2004, Gonzalez went to her place of business, refused to leave after numerous requests, and then "cracked her in the face with both hands." Vanessa's business is called Arc Ancient, and she is an officer in the corporation. Gonzalez is the owner of the building where Arc Ancient is a lessee.
 {¶ 3} The following facts are derived from the testimony at trial. In January 2004, Vanessa called Gonzalez's office and complained of water leaking into the store, apparently caused by an accumulation of snow and ice on a second floor porch. Gonzalez's associate arrived and began removing the snow and ice. A little later, Gonzalez arrived at the store in what Vanessa testified was a "state of anger and aggravation." She claimed Gonzalez told her he was not going to do anything to fix the problem and that she should submit the problem to her insurance company. The two continued to have a verbal altercation. Vanessa claimed she asked Gonzalez to leave at least four times and when she escorted him to the door with her hand on his shoulder, he "cracked" her in the face with both hands. Vanessa stated that an imprint was left on her cheekbone and eye. Vanessa also stated that Gonzalez approached her again and she hit him in the arm.
 {¶ 4} There were two witnesses to the incident. The first witness testified that she was a customer in the store. She noticed that the ceiling was leaking and that Gonzalez was already in the store when she arrived. She heard the altercation between Vanessa and Gonzalez. The witness stated she observed that Vanessa had her hand on Gonzalez's back and that as Vanessa opened the door, Gonzalez hit Vanessa in the face.
 {¶ 5} The second witness was Vanessa's business partner. She testified about the altercation and stated that when Vanessa was asking Gonzalez to leave, he did not go. She then observed that Vanessa put her hand on Gonzalez's shoulder and that he "whacked" Vanessa in the face.
 {¶ 6} Gonzalez testified that when he first arrived at the store he checked to see what his associate had been doing to make sure all the snow and ice had been removed from the second floor porch. Gonzalez proceeded to put down ice melt and shovel the area. After he was finished, Gonzalez went into the store.
 {¶ 7} Gonzalez testified that he told Vanessa she had to submit a claim to her insurance company because his insurance did not cover any personal property in the store. He confirmed that an altercation ensued and claimed that he started to leave the store. He stated that when he was about ten feet from the door, Vanessa started pushing him.
 {¶ 8} Gonzalez also stated that when Vanessa and her business partner told him to leave, he responded that it was his building and he had the right to be there. Gonzalez further indicated that he never stopped moving toward the door. He testified Vanessa pushed him two times intermittently and then pushed a third time continuously. Gonzalez stated that, in response to the push, he told Vanessa to get her hands off him and that he took the gloves that were in his hand and struck her hands with the gloves. Gonzalez claimed that Vanessa then punched him in the shoulder. Gonzalez stated he then walked out the door and told his associate to put his shovel away because they were done.
 {¶ 9} Gonzalez's associate testified that he witnessed the door open abruptly, saw Gonzalez stagger out, and then was told they were leaving. Gonzalez's secretary testified that she had spoken with Vanessa on the phone with regard to the reporting of the water problem, and that Vanessa sounded upset and anxious.
 {¶ 10} As a result of the incident, Vanessa filed a complaint against Gonzalez for assault and criminal trespass. Upon motion, the trial court granted a temporary protection order. Gonzalez entered a not-guilty plea and filed a demand for a jury trial.
 {¶ 11} The trial proceeded from March 25 through April 5, 2004. During the course of trial, defendant Gonzalez made various motions and objections that entailed arguments from both parties. There was also a bomb scare at the justice center that required the court to call a recess. In addition, a juror was excused from the panel. At the conclusion of the trial, Gonzalez was found guilty of assault and not guilty of criminal trespass. Gonzalez filed a motion for acquittal or for a mistrial or new trial. The trial court denied the motion and proceeded to sentence Gonzalez.
 {¶ 12} Gonzalez has appealed his conviction and raises seven assignments of error for our review. His first assignment of error provides:
 {¶ 13} "I. Defendant was prejudiced by an impermissible delay of trial."
 {¶ 14} Gonzalez claims that the case was scheduled as a two-day jury trial, yet continued for twelve days because of various delays, which were prejudicial to him. We find this argument to be without merit.
 {¶ 15} A review of the record reflects that many of the delays were caused by defense counsel and defense tactics. Further, a review of the transcript reflects that in addition to time spent on lengthy testimony, much time was spent arguing motions and objections and on preparing jury instructions. As the trial court stated on the record, "[t]o say that [the trial court] has delayed intentionally anything is totally inappropriate." The record reflects the trial court proceeded with the trial in an orderly fashion. With respect to the interruptions and delays that did occur, the trial court found that the jury was not affected, the jurors were astute, and Gonzalez was given a fair and impartial trial.
 {¶ 16} The trial court reserves the right and responsibility to control the proceedings of a criminal trial pursuant to R.C. 2945.03, and must limit the trial to relevant and material matters with a view toward the expeditious and effective ascertainment of truth. State v. Durr
(1991), 58 Ohio St.3d 86, 89. When engaged in a jury trial, a trial judge should make that proceeding the court's primary focus and not allow unrelated or ancillary hearings to disrupt the flow of the trial. Although there certainly were delays, some of which were occasioned by the defense strategy, upon our review of the record, we find the trial was conducted within the purview of R.C. 2945.03. Further, we do not find that the length of the trial or the delays and interruptions therein were of the magnitude to constitute prejudicial error. Gonzalez's first assignment of error is overruled.
 {¶ 17} Gonzalez's second assignment of error provides:
 {¶ 18} "II. The verdict is contrary to the manifest weight of the evidence."
 {¶ 19} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 68,2004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 20} Gonzalez challenges his conviction for assault in violation of Cleveland Municipal Ordinance Section 621.03. This ordinance provides in relevant part: "No person shall knowingly cause or attempt to cause physical harm to another."
 {¶ 21} Evidence in this case was presented that established Gonzalez and Vanessa had a heated altercation and that Gonzalez struck Vanessa in the face, which left an imprint. Although Gonzalez testified that he merely hit Vanessa on the hands with his gloves, the jury chose not to believe his testimony. The jury had the ability to observe the witnesses and assess their credibility and found Gonzalez was guilty of assault. We find particularly credible the testimony of the customer, who substantially confirmed Vanessa's version of the altercation and stated that she observed Vanessa had her hand on Gonzalez's back and that as Vanessa opened the door, Gonzalez hit Vanessa in the face.
 {¶ 22} This is an unfortunate situation where a landlord and a tenant became embroiled in a dispute over property. Although the record demonstrates the parties likely did not intend to have events escalate to the point of a physical confrontation, the fact that they did, however unfortunate, establishes the basis for the assault charge.
 {¶ 23} Upon our review of the entire record, we find there was substantial evidence upon which the jury could reasonably conclude that all the elements of assault were proven beyond a reasonable doubt. Gonzalez's second assignment of error is overruled.
 {¶ 24} Gonzalez's third assignment of error provides: {¶ 25} "III. The court erred in permitting prejudicial instructions."
 {¶ 26} Gonzalez argues that the jury instructions did not make clear that the jury had to find the city proved all the elements of assault beyond a reasonable doubt before considering the affirmative defense of self-defense. Gonzalez cites no authority for this proposition. As the city correctly states, this court is permitted to disregard an appellant's assignment of error without analysis when he fails to present any citation to authority to support his argument. Farkas v. Ramage
(Sept. 29, 2000), Cuyahoga App. No. 77295.
 {¶ 27} Our review of the jury instructions reflects that the trial court properly instructed the jury on the elements of assault and informed them that they could not convict Gonzalez of assault unless the city established, beyond a reasonable doubt, each element of the offense. The court also properly instructed the jury on self-defense, including that the defendant was required to prove self-defense. We find that Gonzalez was neither prejudiced by these instructions nor was he deprived of due process of law. Gonzalez's third assignment of error is overruled.
 {¶ 28} Gonzalez's fourth assignment of error provides:
 {¶ 29} "IV. The court erred in admitting evidence not germane to the case at bar: a) admitting testimony of alleged breach of lease was improper and prejudicial; b) [allowing] the city to claim an alleged failure to repair; c) [allowing] evidence on the issue of past-due rent; d) [interjecting] a pending eviction case into a criminal trial."
 {¶ 30} The court has very broad discretion in the admission of evidence and will not be reversed on appeal absent an abuse of discretion that has materially prejudiced the defendant. State v. Maurer (1984),15 Ohio St.3d 239, 265. In order to find an abuse of that discretion, we must determine whether the trial court's decision to admit or exclude the evidence was arbitrary, unreasonable or unconscionable and not merely an error of judgment. State v. Xie (1992), 62 Ohio St.3d 521.
 {¶ 31} We note that the defense presented its own testimony concerning the evidence at issue. Further, we do not find that any of the evidence rose to a level that would have misled the jury or confused them as to the issue of whether an assault occurred. There was ample evidence in the record concerning the subject incident and upon which the jury could find beyond a reasonable doubt that Gonzalez had committed an assault. We find nothing prejudicial in the testimony that was admitted and do not find the trial court's determination was arbitrary, unreasonable or unconscionable. Gonzalez's fourth assignment of error is overruled.
 {¶ 32} Gonzalez's fifth assignment of error provides:
 {¶ 33} "V. The court permitted improper argument and prosecutorial misconduct."
 {¶ 34} A prosecuting attorney's conduct during trial does not constitute grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402, 405; Statev. Apanovitch (1987), 33 Ohio St.3d 19. The touchstone of due process analysis "is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982), 455 U.S. 209, 219. The effect of the prosecutor's misconduct must be considered in light of the whole trial. State v. Durr (1991), 58 Ohio St.3d 86, 94; State v. Maurer
(1984), 15 Ohio St.3d 239, 266. Accordingly, we will not deem a trial unfair if, in the context of the entire trial, it appears clear that the jury would have found the defendant guilty beyond a reasonable doubt even without the improper comments. State v. Treesh, 90 Ohio St.3d 460, 464,2001-Ohio-4.
 {¶ 35} Gonzalez claims that the prosecutor engaged in misconduct by alluding to Gonzalez's status as a lawyer to demean his defense, misstating facts concerning rent payments, arguing for a conviction based on the prosecutor's "clear understanding of the law," and by arguing that Gonzalez should be convicted because of his status as a lawyer and because Vanessa filed a police report. Upon our review, we do not find that the claimed misconduct in any way deprived Gonzalez of a fair trial. It is clear from the testimony presented at trial that there was sufficient evidence to convict Gonzalez, irrespective of the prosecutor's comments. Gonzalez's fifth assignment of error is overruled.
 {¶ 36} Gonzalez's sixth assignment of error provides:
 {¶ 37} "VI. Defendant's due process rights were violated when the court issued a temporary protection order under [R.C. 2919.26] when defendant and the complaining witness did not have a `family or householder relationship.'"
 {¶ 38} Gonzalez argues that the trial court erred in issuing the temporary protection order, because there was no family or household relationship involved, as required by R.C. 2919.26. This argument is misplaced. The order in this case was issued pursuant to R.C. 2903.213, which authorizes a complainant or alleged victim to seek a temporary protection order upon the filing of a complaint that alleges a violation of section 2903.13 [Assault] or a municipal ordinance substantially similar thereto. This section does not require a family or household relationship.
 {¶ 39} Gonzalez further claims that the trial court should have dismissed the protection order at the conclusion of trial. Pursuant to R.C. 2903.213(E)(2), the protection order was effective only until the disposition of the criminal proceeding upon which the order is based. The court also specified this in its order. Accordingly, any challenge to the court's failure to dismiss the order at the conclusion of the case is moot.
 {¶ 40} Gonzalez's sixth assignment of error is overruled.
 {¶ 41} Gonzalez's seventh assignment of error provides:
 {¶ 42} "VII. The court erred in refusing to declare a mistrial and in refusing to vacate the jury verdict and in overruling defendant's motion for acquittal or in the alternative a new trial."
 {¶ 43} This court must apply several standards of review in evaluating this assignment of error.
 {¶ 44} The standard of review for evaluating a trial judge's decision to grant or deny a mistrial is abuse of discretion. State v. Sage
(1987), 31 Ohio St.3d 173, 182. Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible.State v. Franklin (1991), 62 Ohio St.3d 118, 127. This is because the judge is in the best position to determine whether the circumstances of the case necessitate the declaration of a mistrial or whether other corrective actions are sufficient. Quellos v. Quellos (1994),96 Ohio App.3d 31, 41. A reviewing court may not substitute its judgment for that of the trial court absent an abuse of this discretion. Id.
 {¶ 45} "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus. This requires us to view the evidence in a light most favorable to the prosecution. State v.Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372.
 {¶ 46} A motion for new trial is within the sound discretion of the trial court, and the court's ruling on the motion will not be disturbed on appeal absent an abuse of discretion. State v. Matthews (1998),81 Ohio St.3d 375, 1998-Ohio-433, citing State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus. Where there is competent credible evidence to support the trial court's decision, an appellate court should not substitute its judgment for that of the trial court.State v. Adams (Sept. 21, 2000), Cuyahoga App. No. 77127.
 {¶ 47} Gonzalez argues that his motion should have been granted because he did not receive a fair trial or due process of the law for many of the reasons already discussed herein and rejected by this court. Gonzalez also claims that he was not allowed to participate in his own defense at trial on a number of occasions.
 {¶ 48} In this case, credible evidence was presented upon which reasonable minds could find Gonzalez knowingly caused or attempted to cause physical harm to Vanessa. There was credible testimony that Gonzalez knowingly hit Vanessa in the face. Although the trial of this matter was longer than anticipated, lengthy testimony was provided and numerous objections and motions had to be considered by the trial court. While a few interruptions and delays occurred, they did not deprive Gonzalez of his due process rights or a fair trial.
 {¶ 49} Trial court judges have broad discretion in the manner by which they control the courtroom, and those decisions will not be reversed absent an abuse of that discretion. State v. Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439; Evid.R. 611(A). After a review of the record, this court cannot say that the trial court acted in an improper or prejudicial manner in presiding over the trial below.
 {¶ 50} After reviewing the evidence in the record, we find there was sufficient evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt. Accordingly, we find no error in the trial court's decision to deny Gonzalez's motion for acquittal. We also find that the trial court did not abuse its discretion in refusing to grant a mistrial or a new trial.
 {¶ 51} Gonzalez's seventh assignment of error is overruled Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Blackmon, A.J., and James J. Sweeney, J., concur.