JOURNAL ENTRY AND OPINION
{¶ 1} Robert Hamilton ("Hamilton") appeals his conviction and sentence imposed by the Cuyahoga County Common Pleas trial court. Hamilton argues that the trial court violated his right to due process of law, he did not receive a fair trial, he received ineffective assistance of counsel, the trial court gave diluted jury instructions, and the trial court committed errors during the sentencing hearing. For the following reasons, we affirm in part, vacate in part, and remand the matter to the trial court.
 {¶ 2} At approximately eleven-thirty on the evening of January 23, 2005, two men walked into the British Petroleum ("BP") gas station located at the intersection of Memphis Avenue and Ridge Road. The clerk working the night shift, Kimberly Keeney ("Keeney"), said she noticed the two men inside the store looking around. After the two men left, Keeney became suspicious and removed money from the cash register and placed it in the store safe. As Keeney walked back toward the register, the same two men walked back into the store. One of the men carried a gun.
 {¶ 3} As they entered the store, the man with the gun pointed the weapon at Keeney's side, ordered her to the back of the store, and asked her "where's the money?" The other man who entered the BP gas station walked behind the register and attempted to open the cash drawer. After he could not open the register, the man with the gun ordered Keeney back to the front of the store to open the drawer. After she opened the register, the gunman ordered Keeney to the back of the store. Keeney testified that the man without the gun withdrew the money from the register. Keeney reported that amount to be approximately twenty-five dollars in bills and coins. The two men then left the BP gas station.
 {¶ 4} After the two men left, Keeney locked the doors to the store and called the police. Officer Dan Meadows ("Meadows") responded to the call and spoke with Keeney, documenting her statements in an incident report. Meadows gathered the description of the two suspects and their vehicle and broadcast the information to other police units in the area. Meadows also requested the in-store surveillance tape but learned from Keeney that the store manager would have to be contacted to remove the tape from its locked container.
 {¶ 5} At the request of the police officers, manager Gregory Abramczyk ("Abramczyk") took the video surveillance tape to the Brooklyn police station. Abramczyk informed the police that the tape documented the robbery, as well as the date, time, and location of the BP gas station. Abramczyk also confirmed that the two robbers stole approximately thirty-five dollars from the BP gas station.
 {¶ 6} From the video surveillance, officers were able to create a print-out of the two suspects involved in the robbery of the BP gas station. Officers identified a possible suspect, retrieved his photo from the Bureau of Motor Vehicles, and showed Keeney a photo line-up that included this picture. Keeney identified the suspect as the male who robbed the BP gas station. Officers later determined that this initial suspect did not rob the BP gas station on January 23, 2005. After exhausting all leads on the robbery, Detective Ken Fittro ("Fittro") contacted Channel 3 news and supplied the news station with the surveillance video. Channel 3 aired the video and as a result, Tamarah Dauria contacted the police and identified the man carrying the gun during the robbery as Robert Hamilton. Tamarah Dauria stated that she and her family used to live next door to Hamilton and his mother. Tamarah Dauria and her husband, David Dauria, later testified that the man in the surveillance video and in the pictures taken therefrom was Hamilton.
 {¶ 7} Police officers placed Hamilton under arrest and later secured search warrants for his apartment in Lakewood, his sister's house, and his vehicle. While at Hamilton's apartment, officers spoke with apartment manager Nichole French ("French") and told her that they were there to investigate a crime and to execute a search warrant on Hamilton's apartment. The officers showed French the pictures from the BP gas station robbery and asked her if she recognized anyone. French recognized Robert Hamilton. French later identified Hamilton in court as the man in the surveillance photos. During trial, Keeney was unable to identify Hamilton as the man who robbed the BP gas station on January 23, 2005.
 {¶ 8} On March 3, 2005, the Cuyahoga County Grand Jury returned a four-count indictment against Hamilton. Count one charged Hamilton with aggravated robbery with both one- and three-year firearm specifications, and with notice of prior conviction and repeat violent offender specifications. Counts two and three charged Hamilton with kidnapping with both one- and three-year firearm specifications, and with notice of prior conviction and repeat violent offender specifications. Count four charged Hamilton with having a weapon while under disability.
 {¶ 9} Prior to trial, the court bifurcated the repeat violent offender specifications and count four and ordered those charges to be heard by the court. The case proceeded to trial, and after deliberating, the jury found Hamilton guilty of counts one, two, and three and the attendant firearm specifications. After the verdict, Hamilton stipulated that he had a prior conviction, and the trial court found him guilty of having a weapon while under disability. The trial court then sentenced Hamilton to a total prison term of ten years.
 {¶ 10} Hamilton appeals his convictions and sentence, raising the twelve assignments of error contained in the appendix to this opinion.
 {¶ 11} In his first assignment of error, Hamilton argues that "he was denied due process of law when the court failed to declare a mistrial when prejudicial testimony was offered concerning defendant being in jail." This assignment of error lacks merit.
 {¶ 12} The standard of review for evaluating a trial judge's decision to grant or deny a motion for a mistrial is abuse of discretion. City of Cleveland v. Gonzalez, Cuyahoga App. No. 85070, 2005-Ohio-4413. A trial court needs to declare a mistrial only when the ends of justice so require and a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118,127. The trial court is in the best position to determine whether the circumstances of the case require the declaration of a mistrial or whether corrective actions are sufficient. Quellosv. Quellos (1994), 96 Ohio App.3d 31, 41. "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." State v.Elko, Cuyahoga App. No. 83641, 2004-Ohio-5209, citing State v.Sage (1987), 31 Ohio St.3d 173, 182.
 {¶ 13} Hamilton argues that his motion for mistrial should have been granted because the trial court allowed a witness to offer prejudicial testimony. Specifically, Hamilton finds error with witness Tamarah Dauria's statement, "I didn't even know that she had a son that was in jail." Tamarah Dauria offered this statement while describing her relationship with Hamilton's mother. Defense counsel objected to the statement and moved for a mistrial. The trial court sustained the objection and denied counsel's request for a mistrial. The trial court also reprimanded the prosecutor for not adequately preparing his witness. A review of the trial court record also indicates that the trial court issued the following curative instruction to the jury: "On the last remark, I have sustained an objection. You're to disregard that answer that was given."
 {¶ 14} A jury is presumed to follow instructions, including curative instructions, given to it by a trial judge. Elko,
supra. See, also, State v. Hardwick, Cuyahoga App. No. 79701, 2002-Ohio-496. Given the evidence presented by the State of Ohio concerning Hamilton's guilt in the January 23, 2005 robbery, and the curative instruction provided by the trial court, Hamilton has failed to show how he suffered any material prejudice.
 {¶ 15} In support of its case, the State of Ohio elicited testimony from Keeney that on the night of January 23, 2005, two men came into the BP gas station where she worked and removed money from the register while they held her at gunpoint. Though Keeney could not positively identify Hamilton as the gunman, the State of Ohio presented three witnesses who identified Hamilton as the individual pictured in the surveillance photographs. In his appellate brief, Hamilton merely quotes passages from cases where mistrials had been granted and asks this court to determine that a new trial is warranted in this case. Hamilton has made no showing of material prejudice.
 {¶ 16} Accordingly, the trial court did not abuse its discretion in refusing to grant a mistrial based on the improper comments. Hamilton's first assignment of error is overruled.
 {¶ 17} In his second assignment of error, Hamilton argues that "the defendant was denied due process of law when the court allowed the investigating detective to testify stating his opinion of the guilt of the defendant together with other improper information."
 {¶ 18} This assignment of error lacks merit.
 {¶ 19} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." Sage, supra.
"The applicable standard of review for questions regarding the admission of evidence is an abuse of discretion. State v. Soke
(1995), 105 Ohio Ap.3d 226, 249. An abuse of discretion `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'State v. Adams (1980), 62 Ohio St.2d 151, 157."
Dicap v. Ahmed (June 4, 1998), Cuyahoga App. No. 72506, at 15.
 {¶ 20} Hamilton argues that the trial court erroneously allowed Detective Fittro to testify to his opinion regarding Hamilton's guilt. The testimony Hamilton refers to is Fittro's description of how he ruled out a previously considered suspect: he explained that this prior suspect took and passed a lie detector test and that Fittro showed Hamilton a photo from the BP gas station robbery and told him the individual in the photo was Hamilton. Defense counsel objected to the testimony. The trial court sustained counsel's objection as to the lie-detector statement and Fittro's telling Hamilton the photo was of him. Hamilton cannot, therefore, cite to this testimony to support this argument.
 {¶ 21} Hamilton also errs in relying upon Fittro's account of defendant's gesture in responding to some photographs. Again, the court sustained an objection. In fact, the court also sustained the objections to Fittro's account of his conversations with the property manager, as well as that of the witness Tamarah Dauria.
 {¶ 22} Because the court sustained the objections to this testimony, and in the absence of evidence in the record that the jury considered the testimony, we find no prejudice to Hamilton.
 {¶ 23} Hamilton also argues that Fittro attempted to testify to other identifications of Hamilton. Specifically, Fittro made the following partial statements:
"That evening one of our patrol officers received a call from somebody indicating that they recognized * * *
"While we were there, we showed her some photographs of the BP station robbery and she immediately * * *
"We explained to her that we were investigating a crime. She was shown some photos and * * *"
 {¶ 24} Before the statements could be completed, defense counsel objected and the trial court sustained the objection. Hamilton argues that although Fittro's partial statements did not actually implicate him, they were prejudicial in that Fittro would have testified that each person identified Hamilton from the photo array.
 {¶ 25} Because the trial court sustained each objection, and because Hamilton has not alleged any form of prejudice, the trial court did not abuse its discretion.
 {¶ 26} Hamilton's second assignment of error is overruled.
 {¶ 27} In his third assignment of error, Hamilton argues that "defendant was denied a fair trial when an investigating detective talked about a lie detector test." This assignment of error lacks merit.
 {¶ 28} We have previously determined that although Fittro testified about a lie-detector test, the trial court did not abuse its discretion. Defense counsel objected to the testimony, the trial court sustained the objection, and Hamilton did not establish what, if any, prejudice he suffered from the testimony.
 {¶ 29} Accordingly, Hamilton's third assignment of error is overruled.
 {¶ 30} In his fourth assignment of error, Hamilton argues that "defendant was denied due process of law when the court allowed a witness to testify who had not been disclosed in (sic) discovery." This assignment of error lacks merit.
 {¶ 31} As stated above, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. Sage, supra. Crim.R. 16(E)(3) provides for the regulation of discovery in a criminal case:
"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 32} The Ohio Supreme Court has held that when a prosecutor violates Crim.R. 16 by failing to provide the name of a witness,
"a trial court does not abuse its discretion in allowing the witness to testify where the record fails to disclose (1) a willful violation of the rule; (2) that foreknowledge would have benefitted the accused in the preparation of his or her defense; or (3) that the accused was unfairly prejudiced." (Citations omitted.)
State v. Ferrell, Cuyahoga App. No. 83312, 2004-Ohio-5962.
 {¶ 33} In the present case, we find that the trial court did not abuse its discretion in allowing David Dauria's testimony. First, there is no evidence that the prosecutor willfully violated Crim.R. 16. A review of the trial transcript demonstrates that the prosecutor called David Dauria to testify only after he and his wife decided that their son, who was on the witness list, should not testify. Second, we find that foreknowledge would not have aided Hamilton in the preparation of his defense. David Dauria's testimony was cumulative to his wife's. Therefore, any preparation made for Tamarah Dauria's testimony would have aided Hamilton in questioning David Dauria. Third, Hamilton has failed to show that the admission of David Dauria's testimony prejudiced him in any way. Hamilton argues merely that this decision compromised his trial strategy. However, because David Dauria's testimony was cumulative to Tamarah Dauria's testimony, no such prejudice exists.
 {¶ 34} We find that the trial court did not abuse its discretion in allowing David Dauria's testimony. Accordingly, Hamilton's fourth assignment of error is overruled.
 {¶ 35} In his fifth assignment of error, Hamilton argues "defendant was denied due process of law when the court instructed on flight." This assignment of error lacks merit.
 {¶ 36} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested instruction constituted an abuse of discretion under the facts and circumstances of the case. State v. Sims, Cuyahoga App. No. 85608, 2005-Ohio-5846. Jury instructions are reviewed in their entirety to determine whether they contain prejudicial error. State v. Porter (1968),14 Ohio St.2d 10.
 {¶ 37} In the present case, Hamilton argues that, because identity was an issue at trial, the court improperly instructed the jury on flight and thereby created a presumption that Hamilton committed the crime.
 {¶ 38} When instructing the trial court on flight, the court gave this instruction:
"There may be evidence in this case to indicate that the defendant fled from the scene of the crime. Flight does not in and of itself raise the presumption of guilt but it may show consciousness of guilt or a guilty connection with a crime. If you find the defendant did flee from the scene of the crime, you may consider this circumstance in your consideration of the guilt or innocence of the defendant."
 {¶ 39} A review of the record shows that the trial court specifically told the jury that it may consider Hamilton's flight from the BP gas station after robbing it at gunpoint as consciousness of guilt but that "flight does not in and of itself raise the presumption of guilt." Because the trial court must presume that the jury followed that instruction, we cannot say that the trial court denied Hamilton due process. Elko, supra. Accordingly, the trial court did not abuse its discretion in instructing the jury on flight.
 {¶ 40} Hamilton's fifth assignment of error is overruled.
 {¶ 41} In his sixth assignment of error, Hamilton argues that "the court erred in diluting the requirement of purpose in its jury instructions." This assignment of error lacks merit.
 {¶ 42} Hamilton bases his argument on State v. Wilson,74 Ohio St.3d 381, 1996-Ohio-103, in which the court held that the "gist of the offense" instruction for purpose is confusing.
 {¶ 43} As explained by this court in State v. Bailey,
Cuyahoga App. No. 81498, 2003-Ohio-1834:
"Although the Wilson court found the `gist of the offense' language confusing, it found that in the context of all the instructions given to the jury, the instructions were adequate on the element of specific intent to kill." Wilson at 393.
 {¶ 44} R.C. 2901.22 defines "purposely":
"(A) a person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
 {¶ 45} In the present case, Hamilton claims the following portion of the court's jury instruction diluted the definition of "purposely":
"When the central idea, essence, or gist of the offense is prohibition against or forbidding of conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature, regardless of what he may have intended to accomplish by his conduct."
 {¶ 46} In Bailey, this court analyzed the identical jury instruction and found that it mirrored the statutory definition of "purposely," and that there was nothing about this portion of the charge that misstated the legal definition of "purposely." We agree with the court in Bailey and find that the trial court did not dilute the requirement of purpose. The trial court did not abuse its discretion as it correctly instructed the jury on the essential element of purpose.
 {¶ 47} Hamilton's sixth assignment of error is overruled.
 {¶ 48} In his seventh assignment of error, Hamilton argues that "defendant was denied effective assistance of counsel." This assignment of error lacks merit.
 {¶ 49} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989),42 Ohio St.3d 136, paragraph one of the syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie, 81 Ohio St.3d 673, 674, 1998-Ohio-343.
 {¶ 50} In this assigned error, Hamilton claims that his trial counsel rendered ineffective assistance when he failed to do the following: 1) ask for a proposed jury instruction on identification, 2) file a motion to suppress the identification of the perpetrator of the crime, and 3) challenge the admissibility of Hamilton's statements. However, when making these arguments, Hamilton has not shown either of the elements required to prevail on a claim of ineffective assistance of counsel. He merely argues what defense counsel should have done, without any reference to the probability of a different outcome. Such allegations are far from the required showings of deficiency and prejudice.
 {¶ 51} Because Hamilton failed to meet the requirements ofStrickland, supra, we decline to find that his trial counsel rendered ineffective assistance of counsel. Hamilton's seventh assignment of error is overruled.
 {¶ 52} In his eighth assignment of error, Hamilton argues that "defendant was denied due process of law when his motion for judgment of acquittal was overruled." This assignment of error lacks merit.
 {¶ 53} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261 as follows:
"Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt."
 {¶ 54} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259, at paragraph two of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 55} In this assigned error, Hamilton argues that the presented evidence did not support a conviction for aggravated robbery and the firearm specifications.
 {¶ 56} The jury convicted Hamilton of aggravated robbery, which R.C. 2911.01 prohibits as follows: "No person, in attempting or committing a theft offense * * * shall have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 57} The jury also found Hamilton guilty of one- and three-year firearm specifications. R.C. 2941.141 and 2941.145
state the following elements of this offense: "The offender had a firearm on or about the offender's person or under the offender's control while committing the offense * * * and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 58} In its case in chief, the State of Ohio presented the following evidence: testimony from Keeney stating that, while she was working at the BP gas station, two men walked into the store and robbed it at gunpoint; the gunman pointed the gun at Keeney's side and ordered her around the store; store surveillance, including still photos, showed the robbery; and three witnesses who testified that the man in the store surveillance photos holding the gun was Hamilton.
 {¶ 59} We find that the State of Ohio presented sufficient evidence to permit a rational jury to find Hamilton guilty of aggravated robbery and the one- and three-year firearm specifications. Accordingly, the trial court did not err when it denied Hamilton's motions for acquittal.
 {¶ 60} Hamilton's eighth assignment of error is overruled.
 {¶ 61} In his ninth, tenth, and eleventh assignments of error, Hamilton finds error with the trial court's imposition of his sentence.
 {¶ 62} In his eleventh assignment of error, Hamilton argues that he was denied due process of law when the court did not sentence the defendant to post-release control at the time of sentencing. This assignment of error has merit.
 {¶ 63} When the trial court sentenced Hamilton to ten years in prison, it failed to sentence him to post-release control. The State of Ohio acknowledged that defect in its appellate brief.
 {¶ 64} Accordingly, we affirm Hamilton's convictions, vacate the imposed sentence and remand this matter for resentencing.State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 65} Hamilton's eleventh assignment of error is sustained.
 {¶ 66} In his tenth assignment of error, Hamilton argues that "defendant was denied due process of law when the court refused to declare the Ohio Repeat Violent Offender statute unconstitutional."
 {¶ 67} Because Hamilton was not sentenced under the enhancement provision of the repeat violent offender statute, this assignment of error is moot.
 {¶ 68} In his ninth assignment of error, Hamilton argues that "defendant was denied due process of law when he was sentenced to more than a minimum sentence based on judicial findings." Our decision to remand for resentencing under the tenth assignment of error renders this assignment of error moot.
 {¶ 69} In his twelfth and final assignment of error, Hamilton argues that "defendant was denied due process of law when the court found him guilty of having a weapon while under disability when there was no written waiver of jury." This assignment of error has merit.
 {¶ 70} The trial court bifurcated the charge of having a weapon while under disability from the remaining counts in the indictment. However, Hamilton never executed a written waiver of a jury trial. The State of Ohio concedes that the record in this case does not comply with R.C. 2945.05. Therefore, in accordance with State v. Kennedy, Cuyahoga App. No. 83445, 2004-Ohio-6414, we vacate Hamilton's conviction for having a weapon while under disability and remand the matter for trial.
 {¶ 71} Hamilton's twelfth assignment of error is sustained.
 {¶ 72} Accordingly, we vacate the conviction for having a weapon while under disability and the sentence imposed, we vacate the remainder of the imposed sentence, and we remand this cause for resentencing and a new trial on the charge of having a weapon while under disability.
Judgment affirmed in part, vacated in part and remanded.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and McMonagle, J. concur.
 Appendix Assignment of Errors:
 "I. Defendant was denied due process of law when the courtfailed to declare a mistrial when prejudicial testimony wasoffered concerning defendant being in jail.
 II. Defendant was denied due process of law when the courtallowed the investigating detective to testify to stating hisopinion of the guilt of defendant together with other improperinformation.
 III. Defendant was denied a fair trial when an investigatingdetective talked about a lie detector test.
 IV. Defendant was denied due process of law when the courtallowed a witness to testify who had not been disclosed in (sic)discovery.
 V. Defendant was denied due process of law when the courtinstructed on flight.
 VI. The court erred in diluting the requirement of purpose inits jury instructions.
 VII. Defendant was denied effective assistance of counsel.
 VIII. Defendant was denied due process of law when his motionfor judgment of acquittal was overruled.
 IX. Defendant was denied due process of law when he wassentenced to more than a minimum sentence based on judicialfindings.
 X. Defendant was denied due process of law when the courtrefused to declare the Ohio Repeat Violent Offender Statuteunconstitutional.
 XI. Defendant was denied due process of law when the court didnot advise the defendant concerning post- release control atsentencing.
 XII. Defendant was denied due process of law when the courtfound him guilty of having a weapon while under disability whenthere was no written waiver of jury."