[Cite as *State v. Halstead*, 2016-Ohio-290.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102723

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHANNON W. HALSTEAD

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED IN PART,
### REVERSED AND REMANDED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588993-A

**BEFORE:** Laster Mays, J., Jones, A.J., and Celebrezze, P.J.

**RELEASED AND JOURNALIZED:** January 28, 2016

**ATTORNEY FOR APPELLANT**

Christopher M. Kelley
75 Public Square, Suite 700
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Fallon Radigan
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J:

{¶1} Defendant-appellant Shannon Halstead ("Halstead") was convicted of felonious assault, in violation of R.C. 2903.11(A)(1), a second-degree felony, felonious assault, in violation of R.C. 2903.11(A)(2), a second-degree felony, kidnapping, in violation of R.C. 2905.01(A)(3), a first-degree felony, and theft, in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. The trial court sentenced Halstead to five years imprisonment on the two felonious assault convictions, five years imprisonment on the kidnapping conviction, and six months imprisonment on the theft conviction. All three sentences were to be run concurrently giving Halstead a total of five years imprisonment.

{¶2} After a review of the record, assignment of errors one and two are overruled. We sustain assignment of error three, Halstead's judgment of conviction is reversed, and this case is remanded to the trial court for resentencing on the merged counts.

{¶3} Halstead assigns three errors for our review.

I. The appellant's convictions for felonious assault, kidnapping, and theft were against the manifest weight of the evidence.

II. The trial court erred in giving a flight instruction to the jury because there was no evidence showing the appellant took affirmative steps to evade detection and apprehension by the police.

III. The trial court erred in failing to merge the appellant's convictions for felonious assault and kidnapping.

## I.  Facts and Procedural Posture

{¶4} Halstead and the victim met on the bus when they were both returning home from their jobs.   The victim was looking to purchase marijuana, and Halstead claimed that he knew someone that could sell it to the victim.   In addition to purchasing the marijuana, the victim offered to help Halstead apply for a job at Olive Garden, where the victim worked.   Because the application was online and, according to the victim, Halstead was unfamiliar with computers, he agreed to go to Halstead's home and assist him in filling out the online application.

{¶5} The victim testified that after he and Halstead got off the bus, Halstead robbed him at knife-point.   Halstead demanded the victim's chain, cell phone, and wallet, but the victim refused to give him the items.   Halstead then knocked the victim to the ground and slashed his throat with the knife.   During this altercation, a neighbor witnessed the fight, and threatened to release her dogs to stop the men from fighting. The neighbor testified that Halstead ran away down the street and the victim asked her for help.

{¶6} When the victim was interviewed by the police, he described Halstead and picked him out of a photo array.   The police also got a physical description of Halstead after viewing the surveillance video from the bus.   Halstead was arrested three months later and found guilty of felonious assault, kidnapping, and theft.   As a result, he filed this timely appeal.

## II. Manifest Weight of the Evidence

{¶7} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether:

> there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (Internal citations and quotations omitted.)

*State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶8} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

> "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*."

(Emphasis added.) *Thompkins* at 387.

{¶9} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."

*Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶10} In his first assignment of error, Halstead argues that his convictions were against the manifest weight of the evidence. "A manifest weight challenge questions whether the state met its burden of persuasion at trial." *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.

> Although an appellate court reviews credibility when considering the manifest weight of the evidence, the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. The trier of fact is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony.

*State v. Kurtz*, 8th Dist. Cuyahoga No. 99103, 2013-Ohio-2999, ¶ 26, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24.

{¶11} Halstead argues that because there was not any physical evidence placing him at the scene of the attack on the victim, he should not have been convicted. He argues that the victim's testimony was inconsistent and false. The victim testified that Halstead used a knife to rob him of his chain and cell phone, but both of those items were found with the victim. The victim claims that Halstead ripped the box cutter from his hand, but DNA testing of the box cutter determined that only victim's DNA was on the box cutter. The victim gave the police a description of the man who attacked him and described him as 5'7" wearing a white shirt, blue jeans, and carrying a red bag. Halstead is 6'1", was wearing a green sweatshirt, and not carrying a bag.

**{¶12}** However eyewitness testimony places Halstead at the scene and as the one who attacked the victim. Halstead's girlfriend's aunt testified that Halstead told her that he stabbed the victim in self-defense. The victim testified that Halstead was the one who stabbed him. Because of these testimonies, the trier of fact, the jury, weighed the credibility of each witness and determined that the weight of the evidence was substantial enough to convict Halstead. His first assignment of error is overruled.

### III. Incorrect Jury Instruction

**{¶13}** In his second assignment of error, Halstead argues that the trial court erred in giving a flight instruction to the jury because there was no evidence showing that he took affirmative steps to evade detection and apprehension by the police. "The giving of jury instructions is within the sound discretion of the trial court, and the appellate court can review it for an abuse of discretion." *State v. Howard*, 8th Dist. Cuyahoga No. 100094, 2014-Ohio-2176, ¶ 35. In this case, the trial court gave the following jury on flight:

> There may be evidence in this case to indicate that the defendant fled from the scene of the crime. Flight does not, in and of itself, raise a presumption of guilt, but may show consciousness of guilt or a guilty connection with the crime. If you find that the defendant did flee from the scene of this crime, you may consider the circumstance in your consideration of guilt or lack of guilt of the defendant. Tr. at 391.

**{¶14}** "Similar versions of this flight instruction have been upheld by this court in numerous cases, including *State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013-Ohio-4372, *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2012-Ohio-2762, ¶ 55, and *State v. Hamilton*, 8th Dist. Cuyahoga No. 86520, 2006-Ohio-1949." *Howard*

at ¶ 44. However, the instructions given in those cases were upheld because the evidence demonstrated that the instruction was warranted. *Id*. But this court has held that,

> a mere departure from the scene of the crime is not to be confused with deliberate flight from the area in which the suspect is normally to be found. It must be clear that the defendant took affirmative steps to avoid detection and apprehension beyond simply not remaining at the scene of the crime for purposes of a flight instruction.

*State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 45.

{¶15} Recently this court held in *State v. Johnson*, 8th Dist. Cuyahoga No. 99715, 2014-Ohio-2638, ¶ 110, that the defendant's conduct of leaving the scene of the crime did not warrant a flight instruction because there was no evidence of deliberate flight in the sense of evading police. *See also State v. Wesley*, 8th Dist. Cuyahoga No. 80684, 2002-Ohio-4429 (flight instruction not warranted based on insufficient evidence). Much like in *Johnson*, the evidence in this case did not warrant a flight instruction. Halstead's leaving the scene was not deliberate flight in the sense of evading police and detection. There is not any evidence that Halstead was evading the police. That state's only assertion to support that Halstead evaded the police is that he left the scene of the crime. We find that is not enough.

{¶16} Despite the court's error, we cannot say, nor has Halstead demonstrated, that the error was prejudicial. "A reviewing court may not reverse a conviction in a criminal case due to jury instructions unless it is clear that the jury instructions constituted prejudicial error." *Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 49. "In order to determine whether an erroneous jury instruction was prejudicial, a reviewing

court must examine the jury instructions as a whole." *Id.* "A jury instruction constitutes prejudicial error where it results in a manifest miscarriage of justice. Conversely, any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." *Id*.

**{¶17}** Reviewing the jury instructions as a whole, we cannot say that the trial court's instruction on flight was prejudicial, such that a manifest miscarriage of justice occurred. The instruction given, although improper, allowed the jury to make its own conclusions on flight and to consider whether Halstead left the scene and, if so, his motivation for leaving. Thus, the instruction did not change the underlying facts of the case; the instruction was harmless beyond a reasonable doubt. Halstead's second assignment of error is overruled.

## IV. Merged Convictions

**{¶18}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court recently clarified the test a trial court and a reviewing court must employ in determining whether offenses are allied offenses that merge into a single conviction, stating:

When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B). A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses (1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation. At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id*. at ¶ 24-26.

**{¶19}** In his third assignment of error, Halstead argues that the trial court erred in failing to merge his convictions for felonious assault and kidnapping. In order to determine whether offenses should merge as the same offense, it must first be determined if each offense caused separate or identifiable harm, were committed separately, or were committed with separate animus or motivation. The state argues that while Halstead was stabbing the victim, because he was on top of the victim, he restrained his movements,

thereby kidnapping him. We disagree with the state's assertion. The kidnapping and felonious assault were part of the same animus and caused the same harm. These offenses were not committed separately but rather at the same time. Therefore, these offenses should be merged.

{¶20} The trial court incorrectly sentenced Halstead to five years for both the felonious assault convictions and kidnapping convictions, and ran the sentences concurrently.

> If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. On remand, trial courts must address any double jeopardy protections that benefit the defendant.

*State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25. Therefore, we reverse the judgment conviction and remand for a new sentencing hearing, at which the state must elect which allied offense it will sentence Halstead.

{¶21} Judgment affirmed in part, reversed and remanded in part to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee and appellant split costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., A.J., and
FRANK D. CELEBREZZE, JR., P.J., CONCUR